# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1375

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Anthony Birdine, | * | |
| | * | |
| Appellant | * | |

_____

Submitted: December 11, 2007
Filed: February 8, 2008

_____

Before LOKEN, Chief Judge, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Anthony Birdine was convicted by a jury of one count of conspiracy to possess with intent to distribute at least 50 grams of a mixture of substance containing a detectable amount of cocaine base ("crack cocaine"), two counts of distribution of crack cocaine, and one count of possession with intent to distribute crack cocaine. The district court[1] imposed a sentence of life imprisonment on count I, and 360 months' imprisonment on each of counts II, III, and IV, to run concurrently. Birdine appeals, arguing that the evidence was insufficient to support his convictions and that

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

the district court erred by finding that he had two prior felony drug convictions and that he used a minor to commit his offense. We affirm.

I. Sufficiency of the Evidence

Birdine argues that because the government's witnesses were unreliable, the evidence presented at trial was insufficient to support his convictions and the district court therefore erred by not granting his motion for judgment of acquittal. We disagree.

We review *de novo* the sufficiency of the evidence, viewing the evidence in the light most favorable to the jury verdict and giving the verdict the benefit of all reasonable inferences. United States v. Reddest, No. 06-4034, 2008 WL 183350 at *2 (8th Cir. Jan. 23, 2008) (noting that there is "no meaningful distinction between the *de novo* standard used to review the sufficiency of the evidence . . . and the *de novo* standard used to review the district court's ruling on a defendant's motion for judgment of acquittal"). We reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Johnson, 450 F.3d 366, 372 (8th Cir. 2006).

Birdine argues that the testimony presented at trial was unreliable because the government's cooperating witnesses were felons who had significant personal incentives to cooperate with the government. Because we cannot second-guess the credibility determinations made by the jury, United States v. Lopez, 443 F.3d 1026, 1031 (8th Cir. 2006) (en banc), and because the testimony, if believed, along with the physical evidence presented by the government, establishes Birdine's guilt beyond a reasonable doubt, we conclude that there was sufficient evidence to support Birdine's convictions.

II. Sentence Enhancement for Prior Convictions

Birdine challenges the enhancement of his sentence for having two prior felony drug convictions. He argues that the government did not prove beyond a reasonable doubt that the identity of the person who was sentenced in this case was the same as the person who was convicted in this case and who had two prior drug offenses.

A defendant who is convicted of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and who has two or more prior felony drug convictions is subject to a mandatory sentence of life imprisonment. 21 U.S.C. §§ 841(b)(1)(A) and 851. District courts are empowered to make factual findings regarding a defendant's prior conviction. United States v. Sanchez-Garcia, 461 F.3d 939, 947 (8th Cir. 2006). We review such a finding for clear error. Id. We review *de novo* the district court's use of prior convictions to enhance a sentence. United States v. Stallings, 301 F.3d 919, 920 (8th Cir. 2002).

At Birdine's sentencing hearing, the government offered expert testimony and four exhibits to prove up Birdine's two prior felony drug convictions. A fingerprint examiner testified that the fingerprints of the individual convicted of the two prior drug felonies matched the fingerprints of Birdine from his arrest in March 2006 for the criminal activity that led to his current convictions. The government's proof also included authenticated copies of the court files for the prior convictions and an authenticated fingerprint card.

Birdine does not assert that the fingerprints that were compared by the expert witness were invalid or inaccurate. Rather, his argument rests on the fact that his fingerprints were not taken prior to sentencing, and therefore, the government did not confirm that the Birdine who was convicted of a drug felony in 1994 and 2001, and who was convicted by a jury on four counts in 2006, was the same Birdine who was sitting in the courtroom awaiting sentencing for the 2006 convictions. Birdine does

not actually assert that he is not the same individual who stood trial in 2006, and he declined the government's attempt to fingerprint him before the sentencing hearing. Accordingly, we conclude that Birdine has not raised a reasonable doubt as to whether he is the same Birdine that was convicted in 2006 and who has two prior felony drug convictions. Thus, the district court did not err in finding that Birdine was subject to a sentence enhancement.

III. Sentence Enhancement for Use of a Minor

Birdine next argues that the district court erred in applying a two-level enhancement for use of a minor to commit his offense.

A defendant is subject to a two-level enhancement in his offense level if the defendant "used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense." United States Sentencing Guidelines (U.S.S.G.) § 3B1.4. The phrase "used or attempted to use" includes "directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." U.S.S.G. § 3B1.4 cmt. n.1. We review *de novo* the district court's application of the sentencing guidelines, and we review its factual findings, such as whether the defendant used a minor to commit the offense, for clear error. United States v. Mentzos, 462 F.3d 830, 840 (8th Cir. 2006).

Birdine argues that he did not "use" a minor, because the minor who was involved in his offense was the drug supplier and the leader or supervisor of the criminal activity. The government presented sufficient testimony, however, to support the district court's finding that Birdine used a minor. Victor Henderson testified that he began selling crack cocaine with Birdine when Henderson was approximately thirteen years old. Henderson described Birdine as his mentor and indicated that he learned the "game" of crack cocaine trafficking from Birdine. The government also

presented testimony from other individuals who corroborated the fact that Birdine used Henderson in his drug trafficking activities. Although Henderson testified that, after several years of selling relatively small amounts of drugs, he "graduated" into supplying drugs to individuals who would then sell smaller amounts, there is sufficient evidence that Birdine directed, commanded, encouraged, intimidated, counseled, trained, procured, recruited or solicited Henderson to commit the offense during Henderson's minority. Thus, the district court did not clearly err by finding the evidence sufficient to enhance Birdine's sentence.

       The judgment is affirmed.

_____