# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1737

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the Western
　　　　　　　　　　　　　　　　　*　District of Missouri.
Benjamin J. Larue, also known　　*
as hardhornyguy24,　　　　　　　　*　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　*
　　　　　Appellant.　　　　　　　　*

_____

Submitted: April 29, 2008
Filed:　May 2, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury found Benjamin J. Larue guilty of using interstate commerce to attempt to entice a minor to engage in sexual activity for which he could be criminally charged (Count One), and traveling in interstate commerce to attempt to engage in illicit sexual conduct (Count Two), in violation of 18 U.S.C. §§ 2422(b) and 2423(b). The district court[1] sentenced him to 60 months in prison, which was the statutory minimum in effect for Count One when Larue committed the crimes in June 2004, and 5 years of

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

supervised release. On appeal, counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that there was no evidence presented that Larue would have actually engaged in sexual activity with a minor.

We review the sufficiency of the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences that support the jury's verdict. See United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008). We hold that the evidence was sufficient to find Larue guilty on both counts. The government introduced at trial evidence of online conversations between Larue and an individual who purported to be a 14-year-old girl, in which Larue suggested that they engage in various sexual acts when her mother was not home, and obtained directions from a town in Kansas to her apartment in Missouri. The evidence further showed that he then drove to the apartment and knocked on the door. See United States v. Patten, 397 F.3d 1100, 1102-03 (8th Cir. 2005) (for § 2422(b) conviction, jury could reasonably infer from defendant's online conversation and travel to meet minor that he intended to persuade minor to engage in sexual activity); United States v. Blazek, 431 F.3d 1104, 1108 (8th Cir. 2005) (for § 2423(b) conviction, government had to show defendant traveled in interstate commerce with intent to engage in illicit sexual conduct as defined in 18 U.S.C. § 2423(f)).

We have carefully reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), and have found no frivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____