# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3717

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Letitia Wofford, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  November 30, 2009
Filed:  December 4, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Letitia Wofford appeals the district court's[1] judgment, entered after a jury found her guilty of conspiring to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. The district court sentenced her to 63 months in prison and 3 years of supervised release. Wofford's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the conviction was not supported by the evidence because the government's case rested solely on the testimony of a co-conspirator, who had a lengthy criminal history.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

We hold that the evidence was sufficient to support Wofford's conspiracy conviction. See United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008) (this court reviews sufficiency of evidence in light most favorable to government, resolving evidentiary conflicts in government's favor and accepting all reasonable inferences that support jury's verdict); United States v. Cruz, 285 F.3d 692, 700 (8th Cir. 2002) (to prove conspiracy, government must prove existence of agreement to achieve illegal purpose, and defendant's knowledge of agreement and knowing participation in conspiracy). Jerry Holley testified that Wofford willingly gave him her prescribed OxyContin pills in exchange for money and that she knew Holley was selling them. Holley testified about his criminal record, as well as his hope of receiving a reduced sentence for his testimony. Moreover, Holley's testimony was consistent with the testimony of an investigator that labels and pill bottles from Wofford's prescription were found in Holley's trash. See United States v. Foxx, 544 F.3d 943, 950 (8th Cir. 2008) (credibility determinations are well within province of jury), cert. denied, No. 08-10424, 2009 WL 1390925 (Oct. 5, 2009); United States v. McKay, 431 F.3d 1085, 1094 (8th Cir. 2005) (impeachment evidence was for jury to consider).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, the judgment is affirmed. We also grant counsel leave to withdraw on the condition that counsel inform Wofford about the procedures for filing petitions for rehearing and for certiorari.

_____