# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2633

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Jacardo Omar Dixon, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  December 22, 2009
Filed:    January 11, 2010

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jacardo Omar Dixon appeals the district court's[1] judgment, entered after a jury found him guilty of distributing 4.37 grams of cocaine base on May 28, 2003, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and distributing 5.62 grams of cocaine base on June 17, 2003, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), both after having been previously convicted of a felony drug offense. The district court sentenced him to 150 months in prison and 8 years of supervised release. Dixon's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967),

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

arguing that the evidence was insufficient to support the convictions. In a pro se supplemental brief, Dixon argues that the district court plainly erred in instructing the jury on aiding and abetting.

We hold that the evidence was sufficient to support Dixon's convictions. See United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008) (this court reviews sufficiency of evidence in light most favorable to government, resolving evidentiary conflicts in government's favor and accepting all reasonable inferences that support jury's verdict). Officer Joshua Lupkes testified that a confidential informant (CI) set up drug transactions in recorded phone calls, and Lupkes drove the CI to the transactions both times, and personally handed Dixon $500 during the first transaction. The CI testified that he got drugs from Dixon on both occasions and gave Dixon $500 in the second transaction. Officer Chip Joecken testified that he followed and made a traffic stop of the car in which the second transaction took place, and the passenger identified himself as Dixon and gave his birth date, social security number, address, and phone number (which was the same phone number the CI had called to set up the transactions). Joecken took a picture of Dixon, but did not arrest him. The parties stipulated to the drug amounts and to Dixon's prior drug conviction. See United States v. Hernandez 569 F.3d 893, 896 (8th Cir. 2009) (to sustain conviction for distribution of controlled substance, government must prove defendant knowingly and intentionally distributed controlled substance, and knew it was controlled substance at time of distribution).

We also hold that the district court did not plainly err in instructing the jury on an aiding-and-abetting theory. See United States v. Aleman, 548 F.3d 1158, 1166 (8th Cir. 2008) (this court affirms so long as instructions, taken as whole, fairly and adequately submitted issues to jury), cert. denied, 129 S. Ct. 2756 (2009); United States v. Starr, 533 F.3d 985, 997 (8th Cir.) (no error where defendant is convicted as aider or abetter even though such allegation is not included in indictment), cert. denied, 129 S. Ct. 746 (2008); United States v. Refert, 519 F.3d 752, 756 (8th Cir.

2008) (where defendant did not challenge jury instructions below, review is for plain error).

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, the judgment is affirmed. We also grant counsel leave to withdraw, and deny Dixon's motions for new appellate counsel.

_____