# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1505

———————

United States of America,

         Appellee,

v.

Arnulfo Betancort-Salazar,

         Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Arkansas.
\*
\* [UNPUBLISHED]
\*

———————

Submitted: January 27, 2010
Filed: February 1, 2010

———————

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Arnulfo Betancort-Salazar (Betancort) appeals the district court's[1] judgment, entered after a jury found him guilty of conspiring to distribute, distributing, and possessing with intent to distribute methamphetamine, and maintaining a residence for the purpose of distributing and using a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and 856(a)(1), and 18 U.S.C. § 2. Betancort pleaded guilty to illegally reentering the United States following a deportation. The district court sentenced him to 144 months in prison. Betancort's counsel has moved

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that portions of an audio tape of a controlled buy should not have been admitted at trial, that the testimony of cooperating witnesses was unreliable and thus there was insufficient evidence to convict Betancort, and that the court's imposition of a 2-level enhancement for a supervisory role was erroneous. Betancort has filed a supplemental brief, in which he argues that evidence that marijuana was found during the search of his residence should not have been admitted at trial.

We hold that the district court did not abuse its discretion in allowing the government to play portions of the audio tape. <u>See</u> <u>United States v. Oslund</u>, 453 F.3d 1048, 1054 (8th Cir. 2006) (standard of review). Although only portions of the tape were intelligible and none of Betancort's conversations--which all occurred in Spanish--were intelligible, those portions that were understandable were consistent with the witness testimony, the jury was told that the witnesses did not understand the Spanish conversations, and Betancort's counsel was able to argue that the conversations in Spanish could have been about an unrelated topic. <u>See</u> <u>United States v. Trogdon</u>, 575 F.3d 762, 765 (8th Cir. 2009) (partially inaudible tapes were admissible where tapes were audible enough to provide jury with gist of conversations; court should consider whether defendant had opportunity to offer his version of inaudible portions), <u>cert. denied</u>, 78 U.S.L.W. 3394 (U.S. Jan. 11, 2010) (No. 09-7983); <u>cf.</u> <u>United States v. Webster</u>, 84 F.3d 1056, 1065 (8th Cir. 1996) (video tape that did not preserve all actions and included unclear audio track still had significant probative value because it showed some sort of trade across kitchen counter, and police later collected drugs from the counter).

We further hold that the evidence was sufficient to support Betancort's convictions. <u>See</u> <u>United States v. Birdine</u>, 515 F.3d 842, 844 (8th Cir. 2008) (this court reviews sufficiency of evidence in light most favorable to government, resolving evidentiary conflicts in government's favor and accepting all reasonable inferences that support jury's verdict). Witnesses testified that Betancort was the supplier of

methamphetamine that was recovered from them, and a search of Betancort's home revealed distribution amounts of methamphetamine and a cutting agent. The testimony also showed that another individual acted as a middle-man for the drug transactions. See United States v. Parker, 587 F.3d 871, 881 (8th Cir. 2009) (to sustain conviction for possession with intent to distribute, government must prove defendant knowingly possessed and intended to distribute drugs; constructive possession, where defendant has knowledge of object, ability to control it, and intent to do so, is sufficient); United States v. Hernandez, 569 F.3d 893, 896 (8th Cir. 2009) (to sustain conviction for distribution of controlled substance, government must prove defendant knowingly and intentionally distributed controlled substance, and knew it was controlled substance at time of distribution), petition for cert. filed, (U.S. Nov. 3, 2009) (No. 09-8131); United States v. Cruz, 285 F.3d 692, 700 (8th Cir. 2002) (to prove conspiracy, government must prove existence of agreement to achieve illegal purpose, and defendant's knowledge of agreement and knowing participation in conspiracy). Although counsel argues that the testimony of the cooperating witnesses was unreliable, their credibility was for the jury to determine. See United States v. Foxx, 544 F.3d 943, 950 (8th Cir. 2008) (credibility determinations are well within province of jury), cert. denied, 130 S. Ct. 91 (2009); United States v. McKay, 431 F.3d 1085, 1094 (8th Cir. 2005) (impeachment evidence was for jury to consider). As to the conviction for maintaining a drug residence, Betancort testified that he paid to rent the residence, and the other witnesses testified that he sold drugs from the residence. See 21 U.S.C. § 856(a)(1) (it is unlawful to knowingly lease any place for purpose of distributing any controlled substance).

Because Betancort did not object in the district court to the supervisory-role enhancement, we review for plain error, see United States v. Lovelace, 565 F.3d 1080, 1086-87 (8th Cir. 2009), and we find none, see United States v. Davis, 583 F.3d 1081, 1097 (8th Cir. 2009) (to be subject to role enhancement under U.S.S.G. § 3B1.1(c), defendant need only manage or supervise one other participant, and terms "manager" and "supervisor" are construed broadly), petition for cert. filed, (U.S. Jan. 5, 2010)

(No. 09-8480). Finally, as to Betancort's pro se argument, we find no plain error in the admission of evidence that marijuana cigarettes were also found in the search of his home, as it does not appear that the evidence was admitted to show Betancort's character. <u>See</u> Fed. R. Evid. 404(b); <u>United States v. Frazier</u>, 280 F.3d 835, 846-47 (8th Cir. 2002) (other-crimes evidence may be admissible to prove issue which Rule 404(b) specifically permits to be proven).

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, the judgment is affirmed. We also grant counsel leave to withdraw.

_____