# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2596

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Ricardo Townsend, also known as | * | [UNPUBLISHED] |
| Freaky, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 22, 2010
Filed: March 29, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ricardo Townsend appeals his drug conviction entered by the district court[1] following a jury trial. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the conviction was not supported by the evidence because it consisted primarily of the testimony of cooperating witnesses who had a motive to lie.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

After careful review, we conclude that the evidence was sufficient to support the jury's verdict finding Townsend guilty of conspiring to distribute 50 grams or more of cocaine base. See United States v. Burdine, 515 F.3d 842, 844 (8th Cir. 2008) (this court reviews sufficiency of evidence in light most favorable to government, resolving evidentiary conflicts in government's favor and accepting all reasonable inferences that support jury's verdict). Nine cooperating witnesses testified about buying cocaine base from Townsend to redistribute to others. Significantly, the witnesses testified about their prior criminal histories and their cooperation agreements, and it was up to the jury to determine the credibility of these witnesses. Further, police officers testified about seizing cocaine base from Townsend's mobile home and investigating his drug operations. See United States v. Hernandez, 569 F.3d 893, 896 (8th Cir. 2009) (to establish conspiracy to distribute drugs, government must prove there was an agreement to distribute drugs, and defendant knew of conspiracy and intentionally joined it); United States v. McKay, 431 F.3d 1085, 1094 (8th Cir. 2005) (evidence was sufficient to support defendants' participation in drug conspiracy where 6 cooperating witnesses testified about buying drugs from defendants; impeachment evidence was for jury to consider).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the district court's judgment.

_____