# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1684

_____

United States of America

*Plaintiff - Appellee*

v.

Blas Acusta Marquez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 27, 2012
Filed: October 30, 2012
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Blas Acusta Marquez appeals the district court's[1] judgment entered after a jury found him guilty of possessing cocaine with intent to distribute, in violation of 21

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

U.S.C. § 841(a)(1). The district court sentenced him to 120 months in prison and 5 years of supervised release. Marquez's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the evidence was insufficient to support the conviction.

We hold that the evidence was sufficient. See United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008) (this court reviews sufficiency of evidence in light most favorable to government, resolving evidentiary conflicts in government's favor and accepting all reasonable inferences that support jury's verdict). A state trooper testified that when he stopped the truck Marquez was driving for a traffic violation, Marquez was nervous and gave inconsistent answers to questions about his records. After Marquez consented to a search, the trooper discovered 17.5 kilograms of cocaine behind a panel in the truck cab, above the bed in the sleeper berth. A DEA special agent testified that in his experience a drug dealer would not leave such a quantity with someone who does not know he has it, and that Marquez gave inconsistent explanations about the $4,400 found in his pocket and additional deposit receipts. See United States v. Parker, 587 F.3d 871, 881 (8th Cir. 2009) (for possession with intent to distribute drugs, government must prove defendant knowingly possessed and intended to distribute drugs; possession may be constructive if defendant has knowledge of object and intent and ability to control it; knowledge can be established by defendant's control and dominion over vehicle or by large quantity of drugs); United States v. Serrano-Lopez, 366 F.3d 628, 635 (8th Cir. 2004) (even if defendant did not own drugs, it is unlikely owner would place a large quantity of drugs with person who does not know it is there; large quantity can indicate both intent to distribute and ability to control drugs for constructive possession).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, the judgment is affirmed. We also grant counsel leave to withdraw, conditioned on counsel

advising the appellant as to the procedure for filing a petition for writ of certiorari, and deny Marquez's motion for new appellate counsel.

_____