# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3729
_____

United States of America,

*Plaintiff - Appellee,*

v.

Damon LaRoche,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of South Dakota - Pierre
_____

Submitted: October 17, 2012
Filed: November 26, 2012
_____

Before RILEY, Chief Judge, COLLOTON and GRUENDER, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Damon LaRoche pleaded guilty to assaulting a federal officer, in violation of 18 U.S.C. § 111. The district court[1] sentenced LaRoche to 60 months' imprisonment. LaRoche appeals his sentence, arguing that the district court erred by applying a four-

_____

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

level increase to his offense level for use of a "dangerous weapon," pursuant to USSG § 2A2.2(b)(2)(B). Because any such error was harmless, we affirm.

On July 4, 2011, Special Agent Frederick J. Bennett, III, of the Bureau of Indian Affairs found LaRoche intoxicated and unconscious on the front porch of a residential home in Lower Brule, South Dakota. After learning LaRoche's name, Agent Bennett arrested him on an outstanding tribal warrant. As Agent Bennett maneuvered LaRoche into the patrol vehicle, LaRoche bit Agent Bennett's left elbow, left forearm, and right hand, breaking the skin. LaRoche then unsuccessfully attempted to escape. After Agent Bennett returned LaRoche to the patrol vehicle, LaRoche again bit Agent Bennett's left forearm, drawing blood. Agent Bennett was treated at a local emergency room and released. He sustained scarring and lost some function in his right hand.

On August 29, 2011, LaRoche pleaded guilty to assaulting Agent Bennett. The presentence report recommended that the court increase LaRoche's offense level by four levels because "a dangerous weapon . . . was used," USSG § 2A2.2(b)(2)(B), when "[t]he defendant bit the victim." PSR ¶ 26. LaRoche objected to this recommendation, arguing that human teeth are not a "dangerous weapon" under the sentencing guidelines. He asked the court to impose a sentence of 51 months' imprisonment, the top of the advisory guidelines range that would apply without the four-level increase for use of a dangerous weapon.

The district court overruled the objection, reasoning that *United States v. Moore*, 846 F.2d 1163 (8th Cir. 1988), a case interpreting the phrase "deadly or dangerous weapon" in 18 U.S.C. § 111(b), *id.* at 1164 & n.1, had "already decided that teeth can be considered a dangerous weapon." S. Tr. 97. The court thus calculated an advisory sentencing range of 63 to 78 months' imprisonment. After evaluating LaRoche's criminal history and the nature and circumstances of his

offense, the court varied downward from the advisory range and imposed a sentence of 60 months' imprisonment.

LaRoche argues on appeal that the district court committed procedural error when it applied the four-level increase for use of a dangerous weapon. We are not convinced that the decision in *Moore* dictates the meaning of "dangerous weapon" under § 2A2.2(b)(2)(B), because the sentencing guidelines include a definition of "dangerous weapon" that does not govern 18 U.S.C. § 111(b). *See* USSG § 2A2.2, comment. (n.1); *id*. § 1B1.1, comment. (n.1(D)). It would require independent analysis to determine whether the term "dangerous weapon," as defined in the guidelines, has the same meaning as "dangerous weapon" in the statute at issue in *Moore*. The question is not easy, and there is no precedent directly on point. *Cf*. *United States v. Rocha*, 598 F.3d 1144 (9th Cir. 2010) (considering 18 U.S.C. § 113(a)(3); *United States v. Sturgis*, 48 F.3d 784 (4th Cir. 1995) (considering former 18 U.S.C. § 113(c)).

It is unnecessary, however, to resolve whether human teeth are a "dangerous weapon" under the guideline, because the district court made clear that it would impose the sentence of 60 months' imprisonment whether or not it applied the four-level increase under § 2A2.2(b)(2)(B). The court explained that the sentence imposed "reflects the Court's own independent determination of what is appropriate here." S. Tr. 109. Although it determined an advisory guideline range of 63 to 78 months, the court also recognized that if it "had not applied the enhancement for use of a dangerous weapon, the guideline range here would have been 41 to 51 months." *Id*. at 102. The court observed that the 60-month term was "three months below the bottom end of the guideline range with the dangerous weapon enhancement applied," but "nine months above the top end of the guideline range, if the Court had ruled that teeth are not a dangerous weapon." *Id*. at 109. And the court emphasized that the sentence it selected was "not a matter of compromise," saying: "It's what the Court

thinks is sufficient, but not more than necessary, to serve the purposes of § 3553(a)." S. Tr. 109-10.

A misapplication of the guidelines is harmless if "the district court would have imposed the same sentence had it not relied upon the invalid factor or factors." *Williams v. United States*, 503 U.S. 193, 203 (1992). A procedural error does not require reversal if the court "specifically identifies the contested issue and potentially erroneous ruling, sets forth an alternative holding supported by the law and the record in the case, and adequately explains its alternative holding." *United States v. Sayles*, 674 F.3d 1069, 1072 (8th Cir. 2012).

The record in this case is sufficient to demonstrate that any error in calculating the advisory guideline range did not substantially influence the sentence. *See* Fed. R. Crim. P. 52(a); *United States v. Henson*, 550 F.3d 739, 740 (8th Cir. 2008). The district court focused on the disputed specific offense characteristic, calling it a "very troublesome issue," S. Tr. 87, that presented a "very difficult decision." *Id*. at 80. The court specifically recognized the correctly calculated guideline ranges that would apply with and without the four-level increase, respectively. The court then reached its "own independent determination of what is appropriate" in light of the § 3553(a) factors, and correctly explained that the chosen term of imprisonment would be "nine months above the top end of the guideline range" that would govern without the four-level increase. S. Tr. 109. Unlike cases where we have rejected arguments of harmless error, the judge here did not simply make a "blanket statement" that the sentence was "fair," *see United States v. Icaza*, 492 F.3d 967, 971 (8th Cir. 2007), in an effort to "cover any and all potential guideline calculation errors." *United States v. Bah*, 439 F.3d 423, 431 (8th Cir. 2006).

LaRoche also complains that the district court did not adequately explain why it would vary upward from the advisory range of 41 to 51 months that would apply without the four-level increase. *See* 18 U.S.C. § 3553(c)(2) (directing the district

court to state "the specific reason" for the imposition of a sentence outside the advisory range).  The court explained that the chosen sentence was "sufficient, but not more than necessary, to serve the purposes of § 3553(a)," and that the term of 60 months was "a sentence of significant length, given the nature of what occurred, and given the history of the defendant, and all of the other § 3553(a) factors."  S. Tr. 109-10.  In explaining "the nature of what occurred," the court observed that LaRoche "chomped down hard on the left forearm" of Special Agent Bennett, *id*. at 106, that Bennett "was in extreme pain" with "blood running down his arm," *id*. at 107, and that LaRoche's assault "clearly . . . was a triggering event" for "emotional issues" that had affected Bennett after the attack.  *Id*.  These observations provide an adequate record for appellate review of the sentence imposed.  We are satisfied that the court articulated specific reasons that are sufficient to justify imposing a sentence of 60 months' imprisonment, even assuming the advisory range was 41 to 51 months.

The judgment of the district court is affirmed.

_____