# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2895

_____

United States of America

*Plaintiff - Appellee*

v.

Curtis Lee Wordes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: March 19, 2018
Filed: May 21, 2018
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Curtis Wordes directly appeals after he pled guilty to being a felon in possession of a firearm and was sentenced to the statutory maximum prison term. In

calculating the Guidelines range, the district court[1] increased the base offense level based on its determination that Wordes had two qualifying prior felony convictions for crimes of violence. The court stated that if the prior felony convictions did not qualify, it would nevertheless vary upward to the same sentence. Wordes's counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court erred by concluding that the prior felony convictions were crimes of violence, and that the court's alternative upward variance resulted in a substantively unreasonable sentence.

We conclude that any arguable error in calculating the Guidelines range was harmless in light of the district court's statements at the sentencing hearing that it would have varied upward to the same sentence in any event. See Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016) (noting that error in miscalculating Guidelines range may be harmless where record demonstrates that district court thought sentence it chose was appropriate irrespective of Guidelines range); United States v. LaRoche, 700 F.3d 363, 365 (8th Cir. 2012) (misapplication of Guidelines is harmless error if district court would have imposed same sentence). We also conclude that the sentence was not substantively unreasonable. See United States v. Mangum, 625 F.3d 466, 469-70 (8th Cir. 2010) (upward variance is reasonable where court makes individualized assessment of sentencing factors based on facts presented, and considers defendant's proffered information).

Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.