# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3066

_____

United States of America

*Plaintiff - Appellee*

v.

William Henry Adkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: May 11, 2018
Filed: May 24, 2018
[Unpublished]

_____

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

William Adkins directly appeals the judgment entered by the district court[1]
after he was convicted upon a jury verdict of drug and firearm charges, and was

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for
the Southern District of Iowa.

sentenced to a total of 360 months in prison. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the admission at trial of evidence related to a prior conviction, the sufficiency of the evidence to support the jury verdict, and the reasonableness of Adkins's sentence.

We conclude that the district court did not abuse its discretion in admitting the prior-conviction evidence in light of its relevance to the material issues of Adkins's knowledge, intent, and absence of mistake. See United States v. Clark, 668 F.3d 568, 574-75 (8th Cir. 2012) (finding no abuse of discretion in admission of Federal Rule of Evidence 404(b) evidence that was relevant to material issue in case). We further conclude that there was sufficient evidence to support the jury verdict. See United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008) (sufficiency of evidence to sustain conviction is reviewed de novo); United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006) (this court will reverse only if no reasonable jury could have found defendant guilty beyond reasonable doubt). In addition, we conclude that the district court did not impose an unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentence under deferential abuse-of-discretion standard; discussing substantive reasonableness).

Having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issue. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____