# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-1821

———————————————

United States of America

*Plaintiff - Appellee*

v.

Sultan Tippu Bismillah, also known as Sultan Bismillah

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

————————

Submitted: April 9, 2018
Filed: June 25, 2018
[Unpublished]

————————

Before GRUENDER, MELLOY, and BENTON, Circuit Judges.

————————

PER CURIAM.

Sultan Bismillah pleaded guilty to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. In his plea agreement, Bismillah stipulated that the conspiracy lasted from approximately December 2013 to December 2015. Prior to sentencing, the United States Probation Office prepared a presentence investigation report ("PSR") that detailed Bismillah's offense conduct and his

extensive criminal history.  Bismillah raised several objections to the PSR, two of which are relevant here.  First, he challenged the drug quantity attributed to him and used in the calculation of his base offense level.  Second, Bismillah objected to the determination that he is a career offender, arguing that three of his prior convictions were erroneously characterized as predicate offenses.  According to Bismillah, his total offense level should have been 27, his criminal history category VI, and his advisory guidelines range 130 to 162 months.  The district court[1] overruled both objections, finding that Bismillah had a total offense level of 29, a criminal history category of VI, and an advisory guidelines range of 151 to 188 months.  The court sentenced Bismillah to 160 months' imprisonment.  Bismillah now appeals, raising the same two arguments in addition to challenging the substantive reasonableness of his sentence.  We address each issue in turn, and we affirm.

First, Bismillah claims that the district court improperly calculated the quantity of cocaine base attributable to him.  We review for clear error the district court's findings of fact regarding the drug quantity attributable to a defendant, disturbing the court's determination "only if the entire record definitely and firmly convinces us that a mistake has been made."  *United States v. Titlbach*, 300 F.3d 919, 923 (8th Cir. 2002).  "The government bears the burden of proving drug quantity by a preponderance of the evidence."  *United States v. Whirlwind Soldier*, 499 F.3d 862, 872 (8th Cir. 2007).

Here, the PSR's initial drug quantity calculation relied in part on a May 2016 interview with Deborah Hadden, a cooperating individual who began purchasing cocaine base from Bismillah "on a daily basis" in the summer of 2014.  Hadden estimated that she purchased cocaine base from Bismillah between 300 and 400 times,

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

in approximately one-gram quantities each time. The Probation Office attributed approximately 300 grams, the low-end of Hadden's estimate, to Bismillah.

At sentencing, Bismillah argued that the 300-gram estimate was exaggerated, as he had been incarcerated for 87 days during the late summer and fall of 2014, arguably during the same period that Hadden claimed to be purchasing from him "on a daily basis." If the court were to reduce the estimate by 87 grams, his base offense level would decrease. In response to this argument, the district court heard testimony from Detective Richard Vale, who was involved in the conspiracy investigation and who interviewed Hadden. He cited several factors supporting the reliability of Hadden's estimate. He previously had spoken with her several times, and, in light of his experience and her lack of incentive to mislead investigators, he found her reliable. Detective Vale also noted that, in his experience, drug users are often better able to remember quantities purchased than specific dates. Perhaps most importantly, the estimated frequency of Hadden's purchases was supported by the fact that her phone number appeared on Bismillah's "hot numbers list," which Detective Vale explained is a report generated from a person's telephone records showing those numbers with which a person has the most frequent contact.

After reviewing the PSR and listening to the testimony of Detective Vale, the district court found that the drug quantity attributed to Bismillah in the PSR was "accurate for purposes of sentencing" and supported by a preponderance of the evidence. It noted that even excluding sales from the summer during which Bismillah was incarcerated, it was reasonable to conclude that Hadden had purchased cocaine base from him "on a daily basis" for more than a year. Considering the record as a whole, we have no definite and firm conviction that a mistake was made; thus, the court did not clearly err in its drug-quantity determination. *See Titlbach*, 300 F.3d at 923.

Bismillah next challenges his status as a career offender. *See* U.S.S.G. § 4B1.1. However, any error by the district court was harmless. An error in applying the guidelines is "harmless if the district court would have imposed the same sentence had it not relied upon the invalid factor or factors." *See United States v. LaRoche*, 700 F.3d 363, 365 (8th Cir. 2012) (internal quotation marks omitted). Here, the district court explained that "even if the three prior convictions . . . were improperly considered crimes of violence and drug offenses under the career offender calculation, the Court would impose the same sentence based upon all of the factors set forth in [18 U.S.C. §] 3553(a)." Thus, any error in the application of the career offender guideline was harmless.

Finally, Bismillah challenges his sentence as substantively unreasonable. He claims that "the district court failed to accord sufficient weight to [his] drug addiction and its relation to the instant offense and his criminal history" when it imposed the 160-month sentence. We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We may consider a sentence within the guidelines range, like Bismillah's, to be presumptively reasonable. *See id.* Here, the district court carefully considered the § 3553(a) factors, emphasizing aggravating factors in the offense conduct and Bismillah's criminal history. We see no basis for finding the sentence unreasonable and thus conclude that the district court did not abuse its discretion.

For the foregoing reasons, we affirm Bismillah's within-guidelines sentence.

_____