# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1788

_____

United States of America

*Plaintiff - Appellee*

v.

Derrick Christopher Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 9, 2018
Filed: August 24, 2018
[Unpublished]

_____

Before GRUENDER, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Derrick Johnson pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. The district court[1] sentenced him to 300

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

months' imprisonment and 7 years' supervised release. Johnson challenges the district court's career offender determination and the substantive reasonableness of his sentence. We affirm.

In May 2016, law enforcement officers attempted to pull over Johnson in a parking lot. To evade the stop Johnson drove his vehicle across the lot, hitting unmarked law enforcement vehicles and unoccupied civilian vehicles. When officers subsequently stopped and searched Johnson's vehicle they found roughly 500 grams of methamphetamine.

The Presentence Investigation Report (PSR) initially calculated Johnson's total offense level at 37 and his criminal history category at V, resulting in a United States Sentencing Guideline range of 324 to 405 months' imprisonment. The PSR then reviewed Johnson's prior criminal convictions and qualified Johnson as a career offender under USSG §4B1.1. Career offender status raised Johnson's recommended criminal history category to VI. Although Johnson's criminal history category increased with the application of USSG §4B1.1, his total offense level remained at 37, resulting in a Guideline range of 360 months' to life imprisonment.

At sentencing, the district court determined Johnson was a career offender but varied downward from the advisory Guideline range in sentencing Johnson to 300 months' imprisonment. In doing so, the district court discussed mitigating factors, including Johnson's age at fifty years old and his eventual cooperation and acceptance of responsibility in the immediate offense. The district court also discussed several aggravating factors, such as Johnson's extensive criminal history related to controlled substance offenses, the amount of drugs seized in May 2016, and Johnson's recklessness during the May 2016 stop. The court ultimately noted:

> the Court would nonetheless impose the same sentence under the
> traditional analysis relying upon the Guideline range that he would have

received as a criminal history Category IV with a 37 offense level which is a range of 292 to 365 months.[2]

First, Johnson challenges the district court's career offender determination. However, when "the district court would have imposed the same sentence had it not relied upon the invalid factor or factors," the "misapplication of the guidelines is harmless." United States v. LaRoche, 700 F.3d 363, 365 (8th Cir. 2012). Here, the district court determined that with or without the career offender determination, Johnson's sentence would be the same. We conclude, therefore, any possible error in the application of the career offender guideline to Johnson was harmless.

Second, Johnson argues his sentence is substantively unreasonable. We review the substantive reasonableness of his sentence under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). As discussed above, the district court carefully reviewed, on the record, Johnson's personal history and characteristics and the nature and circumstances of the May 2016 offense. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (noting "[w]e do not require a district court to provide a mechanical recitation of the § 3553(a) factors," but the record must make clear "the district court actually considered the § 3553(a) factors in determining the sentence" (alteration in original) (quoting United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009))); United States v. Morais, 670 F.3d 889, 893 (8th Cir. 2012) (noting the district court has "substantial discretion" in weighing the statutory

_____

[2]Criminal history category IV, with a guideline range of 292 to 365 months, assumes that all of the defendant's objections to the scoring of 3 criminal history points at paragraph 51 of the PSR would have been sustained. Even if that paragraph did not qualify for career offender scoring, it appears it would still have been scored for criminal history points as a non-career offender. This would have resulted in a criminal history category V, as scored by the PSR, and a guideline range of 324 to 405 months. The higher range would only have reinforced our conclusion concerning the reasonableness of the sentence.

sentencing factors). Based on the record, we conclude the district court did not abuse its discretion in sentencing Johnson.

Accordingly, we affirm the judgment of the district court.

_____