# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1149

_____

United States of America

*Plaintiff - Appellee*

v.

Dawn Marie Cooper

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: January 14, 2019
Filed: February 15, 2019
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Dawn Cooper pleaded guilty to providing false information to the Social Security Administration in violation of 42 U.S.C. § 1383a(a)(2). The district court[1]

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

attributed $549,028.15 in total losses as a result of Cooper's fraud scheme, resulting in a 12-level increase to her base offense level. U.S.S.G. § 2B1.1(b)(1)(G). The district court found a total offense level of 15, a criminal history category of III, and an advisory sentencing guidelines range of 24 to 30 months. Cooper requested a downward variance based on her substance abuse and mental and physical illnesses. After considering the 18 U.S.C. § 3553(a) factors, the court declined to vary downward, sentenced Cooper to 30 months' imprisonment, and ordered her to pay $29,531.50 in restitution.

On appeal, Cooper first argues that the district court clearly erred by determining that the total losses attributable to her were $549,028.15 rather than $156,884.30. "We review *de novo* the district court's application of the guidelines and review for clear error its underlying findings of fact." *United States v. Scott*, 448 F.3d 1040, 1043 (8th Cir. 2006).

"A misapplication of the guidelines is harmless if the district court would have imposed the same sentence had it not relied upon the invalid factor or factors." *United States v. LaRoche*, 700 F.3d 363, 365 (8th Cir. 2012) (internal quotation marks omitted). Here, the district court noted that it would have imposed a 30-month sentence whether or not it used "the figures the government advocated originally or that the defense advocated." It explained that a "30-month sentence reflects the seriousness of the offense, promotes respect for the law, and is sufficient, but not greater than necessary." Thus, any error in the loss calculation is harmless.

Cooper next argues that the district court erred in denying her motion for downward variance because her 30-month sentence is "greater than necessary when considering the totality of circumstances." We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 40, 51 (2007). When considering whether a sentence is substantively reasonable, we "take into account the totality of the circumstances,

including the extent of any variance from the Guidelines range." *Id*. at 51. "Our review of the substantive reasonableness of a sentence is narrow and deferential, and it is the unusual case when we reverse a district court sentence . . . as substantively unreasonable." *United States v. Whitlow*, 815 F.3d 430, 436 (8th Cir. 2016) (internal quotation marks omitted). We may consider a sentence within the guidelines range, like Cooper's, to be presumptively reasonable. *See Gall*, 552 U.S. at 51. Here, the district court carefully considered Cooper's mental and physical illnesses and the § 3553(a) factors, and it sentenced Cooper at the high end of her guidelines range. We see no basis for finding the sentence unreasonable and thus conclude that the district court did not abuse its discretion.

We affirm.

_____