# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1119

_____

United States of America

*Plaintiff - Appellee*

v.

Virgil Left Hand, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: December 3, 2019
Filed: December 6, 2019
[Unpublished]

_____

Before SHEPHERD, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Virgil Left Hand, Sr. appeals the district court's[1] judgment entered upon a jury verdict finding him guilty of federal assault offenses. His counsel has moved for

---

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the sufficiency of the evidence, and suggesting the district court erred in denying Left Hand a Guidelines reduction for acceptance of responsibility.

We first conclude that the evidence at trial was sufficient to support Left Hand's convictions. <u>See</u> <u>United States v. Birdine</u>, 515 F.3d 842, 844 (8th Cir. 2008) (sufficiency of evidence to support conviction is reviewed de novo, viewing evidence in light most favorable to jury verdict, and giving verdict benefit of all reasonable inferences; this court will not second-guess jury's credibility determinations, and will reverse only if no reasonable jury could have found defendant guilty beyond reasonable doubt). We further conclude that the district court did not clearly err in denying Left Hand's request for an acceptance-of-responsibility reduction. Although Left Hand conceded he struck the victim, he still challenged an essential element of one of his offenses by introducing evidence at trial that another person may have caused his victim's injuries through other actions. <u>See</u> USSG § 3E1.1, cmt. (n.2) (reduction for acceptance of responsibility is not intended to apply to defendant who puts government to proof at trial by denying essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse); <u>United States v. Ervasti</u>, 201 F.3d 1029, 1043 (8th Cir. 2000) (standard of review).

Finally, we have reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues. Accordingly, we grant counsel's motion, and affirm.

_____