# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1014
_____

United States of America

*Plaintiff - Appellee*

v.

Roger Duane Goodwin

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: December 11, 2020
Filed: December 16, 2020
[Unpublished]
_____

Before BENTON, WOLLMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Roger Goodwin appeals the district court's judgment entered upon jury verdicts finding him guilty of seven counts of mail fraud, in violation of 18 U.S.C. § 1341; and finding that, inter alia, his motorcycle was subject to forfeiture. Having jurisdiction under 28 U.S.C. § 1291, this court reverses the forfeiture of the motorcycle in part, and affirms in all other respects.

On appeal, Goodwin raises an issue under *Batson v. Kentucky*, 476 U.S. 79 (1986), argues that the district court erred in admitting summary exhibits, challenges the sufficiency of the evidence, asserts various sentencing errors, and contends that his motorcycle was not subject to forfeiture.

This court concludes that the district court did not clearly err in overruling Goodwin's *Batson* challenge, and did not abuse its discretion by admitting summary exhibits. *See United States v. Hampton*, 887 F.3d 339, 342 (8th Cir. 2018) (this court reviews *Batson* rulings for clear error, affording great deference to district court's findings and keeping in mind that ultimate burden of persuasion regarding racial motivation rests with party opposing strike); *United States v. Green*, 428 F.3d 1131, 1134 (8th Cir. 2005) (admission of summary exhibits under Federal Rule of Evidence 1006 is reviewed for abuse of discretion; summary exhibits are properly admitted if they fairly summarize voluminous trial evidence, they assist jury in understanding testimony already introduced, and witness who prepared them is subject to cross-examination with documents used to prepare them). This court also concludes that the evidence was sufficient to support Goodwin's convictions, as the jury could have reasonably found that he intentionally diverted his clients' funds from their designated purpose to his personal benefit through false representations. *See United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008) (sufficiency of evidence to sustain conviction is reviewed de novo, viewing evidence in light most favorable to jury verdict, and giving verdict benefit of all reasonable inferences); *United States v. Hawkey*, 148 F.3d 920, 924 (8th Cir. 1998) (in § 1341 proceeding, evidence was sufficient to establish intent and scheme to defraud where reasonable jury could have found that defendant intentionally diverted funds from designated purpose to his personal benefit through false representations).

This court further concludes Goodwin's claims of sentencing errors lack merit. Even assuming the district court erroneously applied certain Guidelines enhancements, any such error was harmless given that the district court stated it would have imposed the same prison term even if it had not applied those enhancements. *See United States v. LaRoche,* 700 F.3d 363, 365 (8th Cir. 2012)

(misapplication of Guidelines is harmless if district court would have imposed same sentence had it not relied upon invalid factor). Goodwin's sentence is not substantively unreasonable. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (this court reviews substantive reasonableness of sentence for abuse of discretion under totality of circumstances).

The district court did not err in finding that Eunice Tuecke was a victim of Goodwin's mail-fraud offenses, or in awarding her restitution, given that she suffered a financial loss in the course of his fraudulent scheme. *See* 18 U.S.C. § 3663A(a)(1) (sentencing court shall order defendant to make restitution to victim of § 1341 offense), (a)(2) ("victim" means person directly and proximately harmed as result of commission of offense for which restitution may be ordered, including, in case of offense that includes as element a scheme, "any person directly harmed by the defendant's criminal conduct in the course of the scheme"). As for Goodwin's assertion that Margaret Jensen also did not qualify as a victim, any potential error in allowing her to make a victim-impact statement was harmless. *Cf. United States v. Rodriguez*, 581 F.3d 775, 797 (8th Cir. 2009) (concluding that improper victim-impact testimony was harmless when considered in light of record as whole).

This court concludes, however, that Goodwin's interest in his motorcycle was not subject to forfeiture in its entirety. Goodwin purchased the motorcycle before his fraudulent scheme began, and thereafter used fraud proceeds to pay for service on the motorcycle and to make payments toward a loan secured by the motorcycle. Goodwin's use of fraud proceeds to pay for service on the motorcycle was insufficient to show that the motorcycle constituted or was derived from proceeds traceable to his fraudulent scheme. *See* 18 U.S.C. § 981(a)(1)(C) (property is subject to forfeiture if it "constitutes or is derived from proceeds traceable to" violation of, as relevant, § 1341); *United States v. Beltramea*, 849 F.3d 753, 758-59 (8th Cir. 2017) (property is traceable to criminal offense if its acquisition is attributable to scheme underlying offense rather than money obtained from untainted sources). Goodwin's use of fraud proceeds to make payments toward a loan secured by the motorcycle rendered his equity interest in the motorcycle subject to forfeiture, but

only to the extent such interest was increased by virtue of payments made with ill-gotten funds. *See United States v. Miller*, 911 F.3d 229, 234-35 (4th Cir. 2018) (as relevant, defendant's equity interest in mortgaged property was forfeitable to extent his use of fraud proceeds to make mortgage payments directly increased his equity interest); *cf. United States v. Pole No. 3172, Hopkinton*, 852 F.2d 636, 639-40 (1st Cir. 1988) (interest acquired as result of mortgage payments made with proceeds of drug transactions should be forfeitable, but forfeitability does not spread like disease from one infected payment to defendant's entire interest in property acquired prior to infected payment).

The judgment is reversed as to the forfeiture of the amount Goodwin paid for service on his motorcycle, and the forfeiture amount is limited to the portion of Goodwin's equity in the motorcycle which was increased by virtue of payments made from ill-gotten funds.[1]  In all other respects, the judgment is affirmed.

_____

---

[1]The district court also ordered forfeiture of Goodwin's residence.  This court does not disturb that determination on appeal.