# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-3556
_____

United States of America

*Plaintiff - Appellee*

v.

Kammeron Davis

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 15, 2025
Filed: September 18, 2025
[Unpublished]
_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Kammeron Davis appeals the judgment entered by the district court[1] after a jury found him guilty of robbery and firearm offenses. His counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738

_____

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

(1967), discussing whether the evidence was sufficient to support the conviction and whether the district court erred in admitting Davis's prior robbery conviction and in denying his related motion for a mistrial. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Upon careful review, this court concludes that Davis's prior robbery conviction was admissible. *See United States v. Stenger*, 605 F.3d 492, 499 (8th Cir. 2010) (evidence of other criminal acts is admissible if it is relevant to material issue, similar in kind and close in time to crime charged, proven by preponderance of evidence, and potential prejudice does not substantially outweigh its probative value). Further, the district court did not err in denying his related request for a mistrial. *See United States v. Arias*, 936 F.3d 793, 798 (8th Cir. 2019) (standard of review). Finally, this court concludes that there was sufficient evidence to support the jury verdict. *See United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008) (standard of review).

Having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no non-frivolous issues for appeal.

The judgment is affirmed and counsel's motion to withdraw is granted.

_____