# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1112

_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Lee Beardemphl

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 2, 2017
Filed: November 7, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Joshua Beardemphl directly appeals after he pleaded guilty to a firearm charge, pursuant to a plea agreement that contained an appeal waiver, and the district court[1]

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

sentenced him as an armed career criminal. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging the appeal waiver, but arguing that Beardemphl's sentence is illegal because he should not have been classified as an armed career criminal, and without such a classification, his sentence would be above the statutory maximum for his conviction. The government has filed a motion to dismiss the appeal based on the appeal waiver.

We conclude that the sentence is not illegal because Beardemphl was properly classified as an armed career criminal. See United States v. Lindsey, 827 F.3d 733 (8th Cir. 2016) (Minnesota conviction for second-degree assault qualifies as violent felony under armed career criminal act). We further conclude that the appeal waiver is valid, applicable, and enforceable. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers). Furthermore, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw, grant the government's motion, and dismiss this appeal.

_____