# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2131

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Wayne Wadena

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 13, 2018
Filed: July 18, 2018
[Published]

_____

Before COLLOTON, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Michael Wadena pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Under the Armed Career Criminal Act (ACCA), a person who is convicted of a violation of § 922(g) "and has three previous convictions . . . for a violent felony or a serious drug offense, or both, . . . shall be . . .

imprisoned not less than fifteen years." § 924(e)(1). The district court[1] found that Wadena had three qualifying felony convictions: two convictions for third-degree assault in violation of Minn. Stat. § 609.223, subdiv. 1, and one conviction for possession with intent to sell in the fourth degree in violation of Minn. Stat. § 152.024, subdiv. 2(2).[2] Accordingly, over Wadena's objection, the court sentenced him as an armed career criminal and imposed the 180-month mandatory-minimum sentence in the ACCA. 18 U.S.C. § 924(e). Wadena appeals, arguing that none of his convictions support the application of the ACCA. Reviewing the issues de novo, see United States v. Naylor, 887 F.3d 397, 400 (8th Cir. 2018) (en banc), we affirm.

Wadena first contends that his third-degree assault convictions are not "violent felon[ies]" as that term is defined by the ACCA. To qualify as a "violent felony" under the statute, the prior conviction must be for "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). The Supreme Court has interpreted this clause, commonly referred to as the "force clause," to require "*violent* force—that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). As Wadena acknowledges, we held in United States v. Lindsey that the degree of force required under Minnesota's second-degree assault statute "requires the use, attempted use, or threatened use of physical force against another and therefore qualifies as a violent felony for ACCA purposes." 827 F.3d 733, 740 (8th Cir.), cert. denied, 137 S. Ct. 413 (2016). Although Lindsey concerned second-degree assault and this case concerns third-degree assault, the definition of "assault"—derived from Minn. Stat. § 609.02, subdiv. 10—is the exact same for each.

---

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

[2]For the purposes of this opinion, we assume the statutes at issue are divisible because the parties have treated them as such without discussion.

As such, Lindsey controls.  The district court properly ruled that Wadena's third-degree assault convictions counted as "violent felon[ies]."  18 U.S.C. § 924(e)(2)(B)(i).

Wadena next asserts that his Minnesota controlled-substances conviction is not a "serious drug offense" under the ACCA because the Minnesota statute of conviction criminalizes more conduct than that covered by the federal statute.  A "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." § 924(e)(2)(A)(ii).  Wadena was convicted of violating Minn. Stat. § 152.024, subdiv. 2(2), which states: "A person is guilty of controlled substance crime in the fourth degree if . . . the person unlawfully possesses one or more mixtures containing a controlled substance . . . with the intent to sell it."  Included in the definition of "sell" under Minnesota law is an "offer . . . to sell," id. § 152.01, subdiv. 15a(2), which Wadena asserts makes the Minnesota statute categorically broader than the ACCA definition of "serious drug offense."

This argument fails.  As Wadena recognizes, we rejected a similar argument in United States v. Bynum, where the defendant advocated for a narrow interpretation of the statutory term "serious drug offense."  669 F.3d 880, 886 (8th Cir. 2012). Reasoning that "the term 'involving[]' [is] an expansive term that requires only that the conviction be 'related to or connected with' drug manufacture, distribution, or possession," we "conclude[d] that knowingly offering to sell drugs is a 'serious drug offense' under the ACCA."  Id.  Wadena's contention thus falls within Bynum's reach because his sole argument for escaping application of the ACCA is that an offer to sell drugs is not a serious drug offense under the statute.  The district court correctly determined that Wadena's violation of Minn. Stat. § 152.024, subdiv. 2(2) was a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii).

Because he has three previous convictions qualifying as either "violent felon[ies]" or "serious drug offense[s]," the district court properly sentenced Wadena as an armed career criminal. We affirm the sentence.

_____