# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2234

_____

United States of America,

*Plaintiff - Appellee,*

v.

Anthony Michael Norton,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 13, 2018
Filed: August 9, 2018
[Unpublished]

_____

Before COLLOTON, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In October 2016, law enforcement officers arrested Anthony Norton on a warrant while he was seated in his car. During the arrest, the officers removed a loaded .40-caliber semiautomatic pistol from Norton's waistband. Based on this incident, Norton pleaded guilty to unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. § 922(g)(1).

At sentencing, the district court[1] determined that Norton had three previous convictions for a violent felony or serious drug offense and was therefore an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The court imposed the statutory minimum term of 15 years' imprisonment. Norton appeals the district court's determination that he is an armed career criminal, but we conclude that the decision was correct and therefore affirm.

To be sentenced as an armed career criminal under the ACCA, a defendant must have suffered at least three previous convictions for a violent felony or a serious drug offense. *Id.* § 924(e)(1). The district court concluded that Norton had three predicate offenses: two violent felonies under the ACCA's so-called force clause and one serious drug offense. To qualify as a violent felony under the ACCA's force clause, a crime must have "as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i).

Norton argues that the two convictions the district court concluded were violent felonies—a conviction for second-degree assault under Minn. Stat. § 609.222, and a felony domestic assault conviction under Minn. Stat. § 609.2242—do not qualify because they do not categorically require the use, attempted use, or threatened use of force. As Norton acknowledges, however, this court has rejected his argument on both offenses. *See United States v. Headbird*, 832 F.3d 844, 846-47 (8th Cir. 2016) (second-degree assault under Minn. Stat. § 609.222); *United States v. Lindsey*, 827 F.3d 733, 738-40 (8th Cir. 2016) (same); *United States v. Schaffer*, 818 F.3d 796, 798-99 (8th Cir. 2016) (felony domestic assault under Minn. Stat. § 609.2242). Accordingly, the district court properly counted these convictions under the ACCA.

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

Alternatively, Norton contends that the ACCA's force clause is unconstitutionally vague and cannot serve as the basis for an enhanced sentence. But we recently addressed the same contention in *United States v. Pendleton*, 894 F.3d 978 (8th Cir. 2018), and rejected it. *Pendleton* concluded that the force clause "presents a manageable judicial inquiry that provides adequate notice to potential offenders," *id.* at 982, so Norton's identical contention is without merit.

The judgment of the district court is affirmed.

_____