# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2425

_____

United States of America,

*Plaintiff - Appellee,*

v.

Joseph L. Hill,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 24, 2018
Filed: January 10, 2019
[Published]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Joseph Hill pleaded guilty to unlawful possession of ammunition as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court[1]

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

determined that Hill qualified as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), because he had sustained three prior convictions for "a serious drug offense" within the meaning of § 924(e)(2)(A)(ii). The court therefore sentenced him to the statutory minimum term of fifteen years' imprisonment. Hill argues on appeal that his prior convictions under Missouri law do not qualify as serious drug offenses, so he is not an armed career criminal, and that the maximum punishment for his offense is therefore only ten years' imprisonment. *See id.* § 924(a)(2).

In concluding that Hill was an armed career criminal, the district court cited four prior convictions under Missouri Revised Statutes § 195.211.1 (1989), which criminalized the distribution, delivery, manufacture, or production of a controlled substance. "Delivery" includes both the sale of a controlled substance and the "offer therefor." *See* Mo. Rev. Stat. §§ 195.010(8) and 195.010(36) (1997). Hill observes that the definition of "serious drug offense" under § 924(e)(2)(A)(ii) requires an offense under state law "involving manufacturing, distributing, or possessing with intent to manufacture or distribute" a controlled substance. He argues that a state crime involving merely an offer to sell drugs does not qualify.

Hill's argument is foreclosed by the reasoning of *United States v. Bynum*, 669 F.3d 880 (8th Cir. 2012). There, we held that a knowing offer to sell drugs in Minnesota is a crime "involving" the distribution of drugs, because it is "related to or connected with" drug distribution. *Id*. at 886 (quoting *United States v. Vickers*, 540 F.3d 356, 365 (5th Cir. 2008)). *United States v. Wadena*, 895 F.3d 1075 (8th Cir. 2018), reiterated that an offer to sell drugs is a serious drug offense under the Act. *Id*. at 1077. For the same reasons, the district court properly counted Hill's convictions under a Missouri statute that forbade an offer to sell controlled substances. With three prior convictions for a serious drug offense, Hill qualified as

-2-

an armed career criminal and was subject to the mandatory minimum term of fifteen years' imprisonment.

The judgment of the district court is affirmed.

_____