# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2309

_____

United States of America

*Plaintiff - Appellee*

v.

Ivan Deandre Clark

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 15, 2019
Filed: July 31, 2019

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

MELLOY, Circuit Judge.

Defendant Ivan Clark pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 137 months' imprisonment. At his sentencing hearing, the district court[1] determined that Clark qualified as an

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

armed career criminal and calculated a base offense level of 34 with a criminal history category VI.  On appeal, Clark argues that the district court erred in making those determinations. We affirm.

## I.  Background

On October 10, 2017, Clark's wife filed a written report with the police stating that Clark had twice pointed a revolver at her and threatened to shoot her.  Several days later, Clark's wife reported a domestic disturbance and officers arrested Clark.  During the arrest, officers recovered the revolver.  Clark was charged with being a felon in possession of a firearm.  Later, before a grand jury, Clark's wife testified about the event and told the grand jury that the revolver Clark was arrested with was the same revolver he had pointed at her.

At his sentencing hearing, the district court determined that Clark was an armed career criminal because he had three prior convictions for serious drug offenses that were "committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  In 1999, Clark was convicted in Illinois of conspiring to distribute cocaine.  And in 2011, Clark was convicted in Iowa on two counts of distributing cocaine base (one on July 25, 2011 and one on August 1, 2011).  The district court also calculated a base offense level of 34 with a criminal history category VI after finding that Clark had used and possessed the revolver in connection with a crime of violence.  See U.S.S.G. § 4B1.4(b)(3)(A); id. § 4B1.4(c)(2).  Specifically, the district court found, based on Clark's wife's statements to the police and the grand jury, that Clark displayed the revolver while assaulting his wife in violation of various Iowa Code

sections, including Iowa Code § 708.1(2)(c), which is a crime of violence. See United States v. McGee, 890 F.3d 730, 736–37 (8th Cir. 2018).

Clark timely filed this appeal.

## II. Discussion

Clark first argues that he should not be considered an armed career criminal because his convictions for two counts of distributing cocaine base in 2011 were charged in the same indictment along with a conspiracy-to-distribute count that was ultimately dismissed.[2] The conspiracy count, according to Clark, suggests that the two distribution counts were part of a continuous course of conduct rather than distinct criminal episodes, and therefore he has only two prior convictions for serious drug offenses—the 1999 conspiracy count and the combined 2011 distribution counts. "We review *de novo* whether a prior conviction is a predicate offense under [18 U.S.C. § 924(e)(1)]." United States v. Van, 543 F.3d 963, 966 (8th Cir. 2008).

We addressed and rejected a similar argument in United States v. Melbie, 751 F.3d 586 (8th Cir. 2014). In Melbie, we considered whether a drug conspiracy conviction and a possession-with-intent-to-deliver conviction "that occurred during the period of the conspiracy and was related to the object of the conspiracy" were "separate qualifying predicate offenses" under 18 U.S.C. § 924(e)(1). Id. at 587. We held that the possession conviction was a separate predicate offense despite the fact that it overlapped in time with the conspiracy conviction because it was "a punctuated

---

[2]Clark also argues that he did not "receive[] sufficient notice at the time of his original plea as to how pleading to two counts would affect him rather than pleading simply to conspiracy." But "[a] court is not required to inform a defendant of the possibility of being sentenced more severely as a recidivist." United States v. Johnston, 220 F.3d 857, 862 (8th Cir. 2000). Clark's argument on this point is therefore meritless.

event within [the] conspiracy." Id. at 589. In other words, "[a]lthough related to the entire course of events in the ongoing conspiracy," the possession charge was a separate predicate event because it "formed a separate unit within the whole." Id. (quoting United States v. Johnston, 220 F.3d 857, 862 (8th Cir. 2000)). While in this case, Clark was only charged with conspiracy rather than convicted, Melbie's analysis still applies. Under Melbie, Clark's convictions for two counts of distributing cocaine base are properly considered separate predicate offenses because they would have been punctuated events within the conspiracy. Accordingly, Clark's first argument fails.

Clark next argues that his wife's statements to the police and grand jury were unsubstantiated. Consequently, he argues that the district court should not have relied on them in concluding that he used or possessed the revolver in connection with a crime of violence. "We review the factual findings underlying a sentence enhancement for clear error." United States v. Cook, 356 F.3d 913, 917 (8th Cir. 2004).

When finding sentencing facts, district courts apply a preponderance-of-the-evidence standard. United States v. Mustafa, 695 F.3d 860, 862 (8th Cir. 2012) (per curiam). In addition, "[a] district court has wide discretion at sentencing as to the kind of information considered or its source." United States v. Pratt, 553 F.3d 1165, 1170 (8th Cir. 2009) (citation omitted). This means that, "[i]n resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." Id. (emphasis omitted) (quoting U.S.S.G. § 6A1.3(a)). That relevant information may include "criminal activity for which the defendant has not been prosecuted and 'uncorroborated hearsay, provided the [defendant is] given a chance to rebut or explain it.'" Id. (alteration in original) (citation omitted). Here, Clark's wife's statements, though

hearsay, were made under circumstances indicating sufficient reliability, and Clark offered no evidence to rebut them. Accordingly, the district court did not clearly err in finding by a preponderance of the evidence that Clark used or possessed the revolver in connection with a crime of violence.

## III. Conclusion

For the foregoing reasons, we affirm the judgement of the district court.

_____