# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1257

_____

United States of America

*Plaintiff - Appellee*

v.

Charles E. Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: August 27, 2019
Filed: September 4, 2019
[Unpublished]

_____

Before LOKEN, GRUENDER, and KOBES, Circuit Judges.

_____

PER CURIAM.

Charles Williams appeals after he pleaded guilty to being a felon in possession of a firearm, and the district court[1] sentenced him, under the Armed Career Criminal

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

Act (ACCA), to 180 months in prison. His counsel seeks to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court erred in classifying Williams as an armed career criminal based on, *inter alia*, his prior Missouri convictions under Mo. Rev. Stat. § 195.211 for drug offenses. Williams echoes this argument in a *pro se* supplemental brief, and he has filed a Federal Rule of Appellate Procedure 28(j) letter, challenging his guilty plea based on *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding that, for a felon-in-possession offense, the government must prove, *inter alia*, that the defendant knew he belonged to the category of persons barred from possessing a firearm).

We first conclude that the district court did not plainly err in accepting Williams's guilty plea. *See United States v. Wroblewski*, 816 F.3d 1021, 1025 (8th Cir. 2016) (stating that plain-error review applies where a defendant does not object in the district court, and that to obtain relief on plain-error review, the "defendant must show that the district court committed an error that was plain and that affected his substantial rights"). Williams's Presentence Investigation Report reveals that he pleaded guilty in 1999 to murder in the second degree, for which he received a fifteen-year sentence. He then possessed a firearm in 2015, less than two years after his release from prison. It is unsurprising, then, that Williams knew and acknowledged at his change-of-plea hearing that he had "been convicted of a crime punishable by imprisonment for a term exceeding one year" prior to his possession of the firearm. *See* 18 U.S.C. § 922(g)(1) (making it unlawful for any person who has been convicted of a crime "punishable by imprisonment for a term exceeding one year" to possess a firearm). Given these circumstances, Williams cannot show "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. House*, 923 F.3d 512, 515 (8th Cir. 2019) (internal quotation marks omitted); *see Rehaif*, 139 S. Ct. at 2198 ("[W]e doubt that the obligation to prove a defendant's knowledge of his status will be . . . burdensome" because "knowledge can be inferred from circumstantial evidence" (internal quotation marks omitted)).

We also conclude that the district court did not err in classifying Williams as an armed career criminal, as his prior Missouri drug convictions qualify as serious drug offenses for ACCA purposes. *See United States v. Jones*, --- F.3d ---, 2019 WL 3884258, at *1 (8th Cir. Aug. 19, 2019) (per curiam) (recognizing that an offense under Mo. Rev. Stat. § 195.211 "is categorically an offense 'involving' the distribution of a controlled substance under § 924(e)(2)(A)(ii)"); *United States v. Hill*, 912 F.3d 1135, 1136-37 (8th Cir. 2019) (per curiam) (concluding that violations of Mo. Rev. Stat. § 195.211 qualify as a "serious drug offense" under the ACCA).

Having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____