# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1644

_____

United States of America

*Plaintiff - Appellee*

v.

Norris Deshon Andrews

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 15, 2021
Filed: August 13, 2021
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and ARNOLD, Circuit Judges.

_____

PER CURIAM.

A jury convicted Norris Deshon Andrews with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). After concluding that the Armed Career Criminal Act (ACCA) enhancement applied to Andrews, the

district court[1] imposed a sentence of 262 months' imprisonment and 5 years' supervised release. As a special condition of supervised release, the court prohibited Andrews from gambling. On appeal, Andrews challenges the enhancement of his sentence under the ACCA and the special condition of supervised release. We affirm.

## I. *Background*

On June 20, 2018, a grand jury indicted Andrews for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The indictment alleged that Andrews was previously convicted of six felonies: third-degree assault in 2006, fleeing a police officer in a motor vehicle in 2009, two second-degree assaults in 2011, fourth-degree assault on a correctional employee with demonstrable bodily harm in 2013, and second-degree burglary of a dwelling in 2016.

Andrews stipulated that he was a convicted felon prohibited from possessing a firearm. Thus, the government did not present evidence at trial regarding Andrews's criminal history. After a nine-day jury trial in which Andrews represented himself, the jury found Andrews guilty of being a felon in possession of a firearm.

On March 16, 2020, the district court applied the ACCA sentencing enhancement based on Andrews's conviction for third-degree assault and two convictions for second-degree assault. The court calculated a range of 262 to 327 months' imprisonment and imposed a 262-month sentence and 5-year term of supervised release. In addition, the court imposed a special condition of supervised release prohibiting Andrews from gambling. Andrews appeals.

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

## II. *Discussion*

Andrews argues that the district court erred twice in his sentencing by (A) concluding that the ACCA sentencing enhancement applies and (B) imposing a special condition of supervised release that prohibits Andrews from gambling.

## A. *ACCA Enhancement*

Andrews argues that the district court erred by applying the ACCA sentencing enhancement because (1) there is not sufficient proof that he was convicted of three ACCA-qualifying offenses and (2) his convictions for second-degree assault and third-degree assault are not qualifying offenses. We hold that the district court did not clearly err by finding that Andrews was convicted once for third-degree assault and twice for second-degree assault and that these three convictions trigger application of the ACCA enhancement to Andrews's sentence.

A defendant who is convicted for felony possession of a firearm under § 922(g) and has three previous "violent felony" convictions "committed on occasions different from one another" becomes subject to a mandatory minimum sentence of imprisonment of 15 years. 18 U.S.C. § 924(e)(1).

## 1. *Proof of Convictions*

Andrews argues that the government did not establish that he had three qualifying convictions with sufficient proof. The government responds that Andrews did not make specific and clear objections to the fact of his convictions, and thus, effectively admitted them. But even assuming that Andrews properly objected to the fact of his convictions listed in the Presentence Investigation Report (PSR), the district court did not clearly err by finding that Andrews had two convictions for second-degree assault and one for third-degree assault.

At sentencing, the government has the "burden of proving the fact of a [defendant's prior] conviction" by a preponderance of the evidence. *United States v.*

*Evans*, 285 F.3d 664, 674 (8th Cir. 2002); *see also United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). We review the district court's "factual findings regarding a defendant's prior conviction. . . . for clear error." *United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008). In making its factual findings, the "court may consider any evidence in its sentencing determination that has sufficient indicia of reliability to support its probable accuracy." *United States v. Urbina-Mejia*, 450 F.3d 838, 840 (8th Cir. 2006) (quoting *United States v. Marshall*, 411 F.3d 891, 894 (8th Cir. 2005)).

The evidence supports the existence of three convictions. In its sentencing memorandum, the government cited the Minnesota Court of Appeals' decision affirming Andrews's two convictions for second-degree assault. *See State v. Andrews*, Nos. A11-2200, A11-2201, 2012 WL 5834450 (Minn. Ct. App. Nov. 19, 2012). The government also attached to its sentencing memorandum a copy of Andrews's petition to proceed pro se in that case.

Andrews also attempts to challenge those convictions by arguing that his Sixth Amendment right to counsel was violated. *See infra* Part II(A)(2)(a)(iii). Andrews's argument necessarily concedes that he participated in a trial in which he represented himself and was convicted. He thus attempts what amounts to a collateral attack on the convictions themselves rather than a challenge to the fact of the convictions.

In addition, the parties jointly filed four exhibits prior to the sentencing hearing, which they expressly "agree[d] that the [c]ourt [could] consider . . . for purposes of sentencing." Joint Sent'g Exs. at 1, *United States v. Andrews*, No. 0:18-cr-00149-SRN-DTS-1 (D. Minn. 2020), ECF No. 313. The four exhibits included transcripts from the proceedings, in which Andrews was convicted for two counts of second-degree assault, and Andrews's stipulation to the fact that he was "convicted in 2006 of assault in the third degree." Joint Sent'g Exs., Ex. 4, at 11,

*United States v. Andrews*, No. 0:18-cr-00149-SRN-DTS-1 (D. Minn. 2020), ECF No. 313-4.

The district court, thus, did not clearly err in finding that Andrews had two second-degree-assault convictions and one for third-degree assault.[2]

## 2. *Are the Assault Convictions Qualifying Offenses*?

We agree with the district court that Andrews's two convictions for second-degree assault and one conviction for third-degree assault qualify as ACCA offenses.[3] We review a district court's determination of whether a prior conviction is a predicate offense de novo. *Birdine*, 515 F.3d at 844. Under the ACCA, a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year," if that crime is one enumerated by statute or "has as an element the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(e)(2)(B).

### a. *The Two Second-Degree Assault Convictions*

The Eighth Circuit has held that Minnesota second-degree assault qualifies as a "violent felony" under the ACCA. *United States v. Lindsey*, 827 F.3d 733, 740 (8th Cir. 2016). However, Andrews argues that his two convictions cannot constitute predicate offenses because (i) the district court violated his Sixth Amendment right

---

[2]Andrews argues that the court improperly relied on evidence outside the record in making its factual finding. We disagree and note that the district court is entitled to rely on any evidence at sentencing so long as it is supported by a "sufficient indicia of reliability to support its probable accuracy." *United States v. Fleck*, 413 F.3d 883, 894 (8th Cir. 2005) (cleaned up). Accordingly, Andrews's motion to strike portions of the government's brief (which was filed on July 29, 2020) on this basis is denied.

[3]Because only three qualifying offenses are required for the enhancement to apply, we do not address Andrews's arguments that Minnesota fourth-degree assault and second-degree burglary are not "violent felonies."

to a jury trial, (ii) the district court erroneously relied on an unpublished court of appeals opinion outside the record, and (iii) the two convictions were obtained in violation of his Sixth Amendment right to counsel.

### i. *Sixth Amendment Right to a Jury Trial*

To constitute two separate ACCA predicate offenses, the two second-degree assaults must have occurred "on occasions different from one another." 18 U.S.C. § 924(e)(1). Andrews argues that the district court violated his Sixth Amendment right to a jury by concluding that they did. However, Andrews also acknowledges that we have rejected this argument. *United States v. Wyatt*, 853 F.3d 454, 458–59 (8th Cir. 2017). "It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." *Owsley v. Luebbers*, 281 F.3d 687, 690 (8th Cir. 2002) (per curiam) ("We therefore are not free to avoid the clear holding of the [*Wyatt*] court."). Knowing this, Andrews "raises the issue solely to preserve it for further review." Appellant's Br. at 25. Accordingly, Andrews's convictions for second-degree assault are not disqualified for this reason.

### ii. *The Minnesota Court of Appeals' Opinion*

Next, Andrews argues that the district court erred by relying on the Minnesota Court of Appeals' decision, *Andrews*, 2012 WL 5834450, which affirmed Andrews's two convictions, to find that Andrews committed the second-degree assaults on different occasions. He contends, "[b]ecause the sole basis for the district court's fact-finding here was an unpublished court of appeals opinion that was not part of this record, it . . . must be reversed." Appellant's Br. at 26. He does not directly dispute the facts contained in the opinion. Rather, he maintains that the opinion was not reliable as evidence.

Our precedent is clear that "a district court has wide discretion at sentencing as to the kind of information considered or its source." *United States v. Clark*, 932 F.3d 1064, 1066 (8th Cir. 2019) (cleaned up). The sentencing court can "consider

relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." *Id.* at 1067 (citation omitted); *see also supra* note 2.

Here, the district court did not err by relying on the Minnesota Court of Appeals' decision for its factual determinations. That court's opinion was reliable documentation that Andrews had in fact been convicted for two counts of second-degree assault. Notably, Andrews does not dispute the facts set forth in that opinion, only the propriety of the court's reliance on those facts. Additionally, there is no evidence that the record in this case conflicts with that appellate decision.

### iii. *Right to Counsel*

Andrews also argues that his two state convictions for second-degree assault do not qualify as predicate ACCA offenses because they were obtained in violation of his Sixth Amendment right to counsel. The government replies that Andrews may not collaterally attack the validity of the state convictions. The government is correct.

The Supreme Court has held that prior convictions used for sentencing under the ACCA cannot be collaterally attacked, save for one narrow exception. *Custis v. United States*, 511 U.S. 485, 487 (1994). This sole exception occurs when the alleged constitutional violation "result[s] from the failure to appoint counsel *at all*." *Id.* at 496 (emphasis added) (refusing "to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon* [*v. Wainwright*, 372 U.S. 335 (1963)]"); *see also Daniels v. United States*, 532 U.S. 374, 377 (2001) ("*Custis* bars federal habeas review of the validity of a prior conviction used for federal sentencing enhancement unless the petitioner raises a claim under *Gideon* . . . ." (cleaned up)); *Partee v. Hopkins*, 30 F.3d 1011, 1012 (8th Cir. 1994) ("In *Custis* . . . , the Supreme Court held that there is no federal constitutional right to collaterally attack a prior conviction used to enhance

a sentence on any constitutional ground other than failure to appoint counsel for an indigent defendant.").

Here, Andrews's "alleged constitutional violation[] [does not] rise[] to the level of a jurisdictional defect resulting from the failure to appoint counsel at all." *See Custis*, 511 U.S. at 496; *see also Goldsby v. United States*, 152 F. App'x 431, 440 (6th Cir. 2005) (holding that a defendant could not collaterally attack his two prior state convictions when he "claim[ed] that he was constructively denied counsel" because the defendant could not "show that he was not appointed counsel").

Thus, all three of Andrews's arguments regarding his two second-degree-assault convictions fail, and the two convictions thus qualify as ACCA offenses.

### b. *Third-Degree Assault*

Andrews also argues that his conviction for third-degree assault under Minnesota Statute § 609.223, subdivision 1 is not a predicate offense under the ACCA. But as Andrews acknowledges, this argument is foreclosed by our precedent. *See United States v. Wadena*, 895 F.3d 1075, 1076 (8th Cir. 2018) (per curiam) (holding that third-degree assault convictions in violation of Minn. Stat. § 609.223, subdivision 1 count as violent felonies under the ACCA).

Because Andrews' two second-degree-assault convictions and one third-degree-assault conviction constitute three qualifying ACCA offenses, we affirm the district court's application of the ACCA sentencing enhancement.

### B. *Gambling Condition*

Andrews also challenges the special condition of his supervised release that prohibits him from gambling. The condition reads as follows:

d. The defendant shall be prohibited from participation in any form of gambling. The defendant shall not enter any casino or gambling establishment. This prohibition includes but is not limited to on-line gambling, charitable gambling, wagering, pull tabs, lottery, and lottery scratch-off games.

Appellant's Add. at 5.

We review the court's imposition of supervised release conditions for abuse of discretion. *United States v. Bell*, 915 F.3d 574, 577 (8th Cir. 2019). "While the district court's discretion is broad, it is not absolute." *Id.* A special condition must satisfy three requirements: (1) the condition must be "reasonably related" to the 18 U.S.C § 3553(a) sentencing factors; (2) the condition cannot deprive the defendant of his liberty more "than is reasonably necessary for the purposes set forth in § 3553(a)"; and (3) the condition must "be consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.* (alteration omitted) (quoting *United States v. Wiedower*, 634 F.3d 490, 493 (8th Cir. 2011)). Additionally, the special condition must be based on an individualized inquiry into the facts and circumstances of that defendant's particular case. *See id.* But as long as the record supports a basis for imposing the condition, we will affirm, regardless of whether the court made individualized findings. *Id.*

Andrews argues that the district court abused its discretion by prohibiting him "from . . . participati[ng] in any form of gambling" and from "enter[ing] any casino or gambling establishment." Appellant's Br. at 37. Specifically, Andrews asserts: (1) the court did not respond to Andrews's objection to the condition; (2) the court did not make any finding related to this condition; (3) "[t]he offense of conviction . . . has no relation whatsoever to gambling or to casinos"; and (4) prohibiting the spending of "discretionary income from drug dealing . . . . on entertainment is not reasonably related to the statutory goals of sentencing." Appellant's Br. at 38.

Andrews's first and second arguments do not require reversal. Though "[a] special condition of release must be supported by particularized findings specific to the defendant, . . . . reversal is not required by a lack of individualized findings" "[w]here the basis for an imposed condition is sufficiently evident and can be discerned from the record." *United States v. Osman*, 929 F.3d 962, 966 (8th Cir. 2019) (citation omitted), *reh'g denied* (Oct. 10, 2019); *see also United States v. Schaefer*, 675 F.3d 1122, 1124 (8th Cir. 2012) ("While this court encourages detailed findings, it is enough that the basis for the imposed condition can be discerned from the record."). This record contains sufficient evidence for us to discern the court's basis for imposing the condition.

As to Andrews's third assertion, we do not require that an imposed condition be related to the offense of conviction but rather that it be reasonably related to the § 3553(a) factors. *See, e.g.*, *United States v. Camp*, 410 F.3d 1042, 1046 (8th Cir. 2005) (upholding an imposed condition of release that, "[c]learly, . . . [wa]s not reasonably related to th[e] offense"); *United States v. Sherwood*, 850 F.3d 391, 396 (8th Cir. 2017) ("*Without question*, a district court has discretion to impose a special condition *not related* to the offense of conviction, but the record must reflect an individualized inquiry establishing that the condition does not restrict defendant's liberty more than is reasonably necessary to fulfill the sentencing goals." (emphasis added) (quotation omitted)).

Lastly, the gambling prohibition during supervised release is reasonably related to the statutory goals of sentencing in this case. District courts have discretion "to impose conditions in light of the defendant's history and characteristics and for the purposes of deterrence and protecting the public from future criminal conduct." *Camp*, 410 F.3d at 1046. Andrews informed the probation officer that he "gambled frequently," starting around 2004 until his arrest in 2018. Final PSR at 23, *United States v. Andrews*, No. 0:18-cr-00149-SRN-DTS-1 (D. Minn. 2020), ECF No. 308.

-10-

He explained that "frequently" meant he visited casinos three to four times per week, spending $300 to $400 of drug money per visit. He also stated that the money he used to gamble was "drug money, . . . not real money." *Id.* Furthermore, he has an extensive criminal history, including several convictions for possession of a controlled substance. He does not dispute the veracity of any of these facts on appeal. The district court did not abuse its discretion by imposing this special condition.

### III. *Conclusion*

For the foregoing reasons, we affirm.

_____