# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3399

_____

United States of America

*Plaintiff - Appellee*

v.

Seth Grant Huntington

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 9, 2022
Filed: August 12, 2022
[Published]

_____

Before STRAS, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Seth Huntington pleaded guilty to possessing a firearm as a felon. 18 U.S.C. § 922(g)(1). The district court[1] imposed a fifteen-year mandatory-minimum sentence under the Armed Career Criminal Act after concluding that Huntington had

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

three prior "violent felon[ies]": two for third-degree assault, Minn. Stat. § 609.223, subdiv. 1; and another for first-degree burglary with assault, Minn. Stat. § 609.582, subdiv. 1(c). 18 U.S.C. § 924(e)(1). Although Huntington claims that none of these convictions were "violent felon[ies]," we affirm. *Id.*

There are two ways for a prior conviction to count. One is through the "enumerated-offenses clause," which lists offenses that qualify. *See United States v. Schneider*, 905 F.3d 1088, 1090 (8th Cir. 2018). The other is if the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another," otherwise known as the "force clause." 18 U.S.C. § 924(e)(2)(B)(i); *Schneider*, 905 F.3d at 1090.

As Huntington acknowledges, we have already held that Minnesota's definition of "assault" satisfies the force clause. *See* Minn. Stat. § 609.02, subdiv. 10 (defining "assault"); *United States v. Lindsey*, 827 F.3d 733, 739–40 (8th Cir. 2016) (holding that Minnesota second-degree assault qualifies as a "violent felony" because it has "assault" as an element). Third-degree assault uses this definition, Minn. Stat. § 609.223, subdiv. 1, so it qualifies as a violent felony. *See United States v. Wadena*, 895 F.3d 1075, 1076 (8th Cir. 2018) (per curiam) (holding that third-degree assault uses "the definition of 'assault' . . . derived from Minn. Stat. § 609.02, subdiv. 10," so it is a "violent felony"). Two down, one to go.

Huntington's final conviction was for first-degree burglary, which is a "divisible" crime. *See United States v. Fisher*, 25 F.4th 1080, 1084, 1086 (8th Cir. 2022) (defining a "divisible" crime as one involving "multiple, alternative versions" (quotation marks omitted)). The particular version he committed was first-degree burglary with assault, which as the name suggests, required him to commit an assault during the course of a burglary. Minn. Stat. § 609.582, subdiv. 1(c) (requiring that "the burglar assault[] a person"); *id.* § 609.02, subdiv. 10 (defining "assault"). This crime uses the same definition of "assault" as the others, which means it is a "violent felony" too. *See Wadena*, 895 F.3d at 1076; *Lindsey*, 827 F.3d at 740; *see also Fisher*, 25 F.4th at 1083, 1086 (holding that third-degree burglary with assault "has

as an element the use, attempted use, or threatened use of physical force against the person of another" (quoting 18 U.S.C. § 3559(c)(2)(F))).

Huntington has two responses, but neither is persuasive. The first is based on *Borden v. United States*, 141 S. Ct. 1817 (2021), which held that the force clause "categorically excludes crimes that can be committed *recklessly*." *United States v. Hoxworth*, 11 F.4th 693, 695 (8th Cir. 2021) (emphasis added) (citing *Borden*, 141 S. Ct. at 1834 (plurality opinion); *id.* at 1835 (Thomas, J., concurring in the judgment)). Huntington's argument is ambitious: he argues that *Borden* suggests that an assault can never qualify as a violent felony. Though ambitious, it is also wrong. In Minnesota, assault requires intentional conduct, and *Borden* only "excludes crimes that can be committed recklessly." *Hoxworth*, 11 F.4th at 695; Minn. Stat. § 609.02, subdiv. 10 (defining "assault" as "an act done with *intent* to cause fear in another of immediate bodily harm or death" or "the *intentional* infliction or *attempt to inflict* bodily harm upon another" (emphases added)).

Huntington fares no better with his other argument. Seizing on the fact that an assault can occur with only the "slightest offensive touching" in Minnesota, *State v. Dorn*, 887 N.W.2d 826, 831–32 (Minn. 2016), he argues that it can be committed without "violent force—that is, force capable of causing physical pain or injury to another person," *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis omitted); *see also Schneider*, 905 F.3d at 1091 (explaining that "we analyze the legal definition of [Huntington's] crime, not his actual acts" and "ask whether only conduct involving physical force can satisfy [it]"). Under this reasoning, assault would not *necessarily* require "the use of physical force against another," making it a categorical mismatch with the force clause. 18 U.S.C. § 924(e)(2)(B)(i).

Huntington's analysis, however, fails to take into account the statutory requirement that any assault must also "*intentional[ly]* inflict[] . . . *bodily harm*" or "*inten[d]* to cause fear . . . of *immediate bodily harm* or death." Minn. Stat. § 609.02, subdiv. 10 (emphases added). So even if a slight "offensive touching" on its own would not necessarily involve physical force, it will if the touching is

intended to inflict bodily harm or cause another to fear it.  *Compare* Minn. Stat. § 609.02, subdiv. 7 (defining "bodily harm" as "*physical pain or injury*" (emphasis added)), *with Johnson*, 559 U.S. at 140 (explaining that "violent force" is "force capable of causing *physical pain or injury* to another" (emphases added and omitted)).

We accordingly affirm the judgment of the district court.

_____