# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1343

_____

United States of America,

*Plaintiff - Appellee,*

v.

Rayjon Matthew Willis,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 31, 2023
Filed: November 3, 2023
[Unpublished]

_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Rayjon Willis appeals after he pleaded guilty to unlawful possession of a firearm as a felon. The district court[1] sentenced him to 180 months in prison.

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Willis's counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging his designation as an armed career criminal. Willis has filed a pro se brief, also arguing that he is not an armed career criminal.

Upon careful review, we conclude that the district court did not err in determining that Willis's prior Minnesota convictions qualified as predicate offenses under the Armed Career Criminal Act. This court has determined that Minnesota third-degree and second-degree assault convictions qualify as violent felonies. *See United States v. Wadena*, 895 F.3d 1075, 1076 (8th Cir. 2018) (per curiam); *United States v. Lindsey*, 827 F.3d 733, 740 (8th Cir. 2016). Willis's domestic assault conviction similarly qualifies given the underlying statute's incorporation of Minnesota's definition of assault. *See United States v. Huntington*, 44 F.4th 812, 814 (8th Cir. 2022) (per curiam). Contrary to Willis's arguments, the specific factual circumstances of his prior offenses are irrelevant. *See United States v. Irons*, 849 F.3d 743, 746 (8th Cir. 2017). It is of no moment whether any of his offenses were premised on aiding and abetting liability. *See United States v. Gammell*, 932 F.3d 1175, 1180 (8th Cir. 2019).

We have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____